FEB. 21. 2008 4:11PM US ATTORNEY (RECORDS) NO. 7759 P. 2/27
Case 3:08-cr-00591-JM Document 25-2 Filed 04/03/2008 Page 1 of 15/27
Case 3:08-cr-00591-JM Document 25 Filed 04/03/2008 Page 1 of 17

1 KAREN P. HEWITT
United States Attorney
2 DOUGLAS KEEHN
Assistant U.S. Attorney
3 California State Bar No. 233686
Federal Office Building
4 880 Front Street, Room 6293
San Diego, California 92101-8893
5 Telephone: (619) 557-6549

6 Attorneys for Plaintiff
United States of America

7

8

9           UNITED STATES DISTRICT COURT

10         SOUTHERN DISTRICT OF CALIFORNIA

11 UNITED STATES OF AMERICA,   )    Criminal Case No. 08CR0591JM
                            )
12            Plaintiff,   )
                            )
13        v.             )    __PLEA AGREEMENT__
                            )    (Pre-Indictment Fast-Track Program)
14 DIEGO LEONARDO TORRES,    )
aka David Aurelio Flores,  )
15                           )
           Defendant.   )
16                           )

17

18      IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF

19 AMERICA, through its counsel, Karen P. Hewitt, United States Attorney,

20 and Douglas Keehn, Assistant United States Attorney, and defendant,

21 DIEGO LEONARDO TORRES, aka David Aurelio Flores, with the advice and

22 consent of Marc X. Carlos, counsel for defendant, as follows:

23 //

24 //

25 //

26 //

27 //

28 WDK:psd:2/21/08

                                      Def. Initials DLT

**ORIGINAL**

FILED

APR - 3 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY               DEPUTY

**I**

**THE PLEA**

A.  <u>The Charge</u>. Defendant agrees to waive Indictment and plead guilty to a single-count Information charging defendant with:

> On or about February 14, 2008, within the Southern District of California, defendant DIEGO LEONARDO TORRES, aka David Aurelio Flores, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Margarito Sevillano-Garcia, had come to, entered and remained in the United States in violation of law, did transport and move, said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii) and (v)(II).

B.  <u>Early Disposition (Fast-Track) Program</u>.  The disposition contemplated by this plea agreement is pursuant to an early disposition (Fast-Track) program authorized by the Attorney General of the United States and the United States Attorney for the Southern District of California.

C.  <u>Program Requirements</u>. As part of this plea agreement, and as set forth in Section X.A.6. below, the United States will move the Court to depart downward two offense levels under USSG § 5K3.1 provided defendant complies with the following early disposition (Fast-Track) program requirements, to which defendant specifically agrees:

     1.  to waive indictment on or before the first preliminary hearing date;

     2.  to stipulate in writing on or before the first preliminary hearing date that:

          a.  the material witnesses:

               (1)  are aliens with no lawful right to enter or remain in the United States;

Def. Initials _DLT_

_08_ CR _00591JM_

2

1                    (2)   entered the United States illegally on or

2 about a date certain;

3                    (3)   were found in a vehicle driven by defendant

4 and that defendant knew or acted in reckless disregard of the fact

5 that they were aliens with no lawful right to enter or remain in the

6 United States;

7                    (4)  were paying or having others pay on their

8 behalf, to defendant or others to be brought into the United States

9 illegally and/or transported illegally to their destination therein;

10 and,

11                    (5)  may be released and remanded immediately to

12 the Department of Homeland Security for return to their country of

13 origin.

14             (b)   after the material witnesses are ordered released

15 by the Court pursuant to this motion, if defendant does not plead

16 guilty to the charge described above, for any reason, or thereafter

17 withdraws his guilty plea to that charge, defendant agrees that in any

18 proceeding, including, but not limited to, motion hearings, trial,

19 sentencing, appeal or collateral attack, that:

20                    (1)  the stipulated facts set forth in paragraph

21 c.(2)(a)(1)-(5) above shall be admitted as substantive evidence;

22                    (2)   the United States may elicit hearsay

23 testimony from arresting agents regarding any statements made by the

24 material witness(es) provided in discovery, and such testimony shall

25 be admitted as substantive evidence under Fed. R. Evid. 804(b)(3) as

26 statements against interest of (an) unavailable witness(es); and,

27                    (3)  understanding that under <u>Crawford v.</u>

28 <u>Washington</u>, 124 S. Ct. 1354 (2004), "testimonial" hearsay statements

Def. Initials *RLT.*
DS CR DEFTM

3

1 are not admissible against a defendant unless defendant confronted and
2 cross-examined the witness(es) who made the "testimonial" hearsay
3 statements, defendant waives the right to confront and cross-examine
4 the material witness(es) in this case.

5         3.   to execute and file a Waiver of Indictment and a
6 Stipulation of Fact and Joint Motion for Release of Material
7 Witness(es) at the first preliminary hearing date;

8         4.   to file or argue no substantive motions, including
9 those described in Fed. R. Crim. P. 12;

10         5.   to plead guilty to the charge **within 30 days** of
11 arraignment on the complaint initially filed against defendant;

12         6.   to waive the right to appeal or collaterally attack the
13 plea, conviction, or sentence; and,

14         7.   if defendant is illegally in the United States, to
15 stipulate and agree to an order of removal from the United States
16 entered by Executive Office for Immigration Review or authorized
17 Department of Homeland Security official, and unconditionally waives
18 all rights to appeal, reopen, or collaterally attack the order of
19 removal (see Section XI [Defendant Waives Appeal and Collateral
20 Attack] below).

21     D.   Timeliness/Offer Revocation.  The disposition contemplated
22 by this agreement is conditioned on (1) the original plea agreement
23 being signed by defendant and defense counsel and returned to
24 Government counsel not later than five business days before the
25 disposition date, and (2) the guilty plea being entered on or before
26 **March 20, 2008**.  Therefore, in the event that defendant seeks a delay
27 in the disposition in this case to a date beyond 30 days of
28 arraignment, or otherwise fails to comply with these timeliness

4

Def. Initials _DLT._
☒CR

1  requirements, the United States may in its sole discretion revoke the
2  disposition offer contained in this plea agreement and seek
3  defendant's indictment on the underlying charge(s).

4      E.   No Prosecution on Mandatory Minimum Count.  In exchange for
5  defendant's guilty plea and sentencing on the single-count Information
6  and provided defendant complies fully with all terms of this plea
7  agreement, the Government agrees not to charge him with violating
8  8 U.S.C. § 1324(a)(2)(B)(ii), which, under the facts of this case,
9  carries a five-year mandatory minimum sentence.

10      F.   Forfeiture.   The defendant further agrees to the
11  administrative and/or civil forfeiture of all properties seized in
12  connection with this case which the defendant agrees are subject to
13  forfeiture to the United States pursuant to Title 8, United States
14  Code, Section 1324(b).  The defendant further waives his right to
15  receive timely notice of administrative forfeiture as set forth in
16  18 U.S.C. § 983(a) and waives receipt of all notice of forfeiture in
17  this and all other administrative and civil proceedings.  Defendant
18  warrants and represents as a material fact that all property in which
19  he has any interest may be forfeited as described above.

20                                II

21                      **NATURE OF THE OFFENSE**

22      A.   **ELEMENTS EXPLAINED**

23      Defendant understands that the offense to which defendant is
24  pleading guilty has the following elements:

25              1.   The person specified in the count is an alien;

26              2.   The person specified in the count was not lawfully in
                    the United States;

27

28

                                                    Def. Initials _PLST_
                                                    OSCR OSTSM

                              5

 1          3.   Defendant knew, or acted in reckless disregard of the
                 fact that the person specified in the count was not
 2               lawfully in the United States;

 3          4.   Defendant knowingly transported or moved, or attempted
                 to transport or move, the person in order to help him
 4               remain in the United States illegally; and,

 5          5.   Defendant acted with the intention of violating the
                 immigration laws of the United States.
 6

 7     B.   ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

 8          Defendant has fully discussed the facts of this case with defense

 9     counsel.  Defendant has committed each of the elements of the crime,

10     and admits that there is a factual basis for this guilty plea.   The

11     following facts are true and undisputed:

12          1.   On February 14, 2008, defendant was the driver of a
                 black 2001 GMC Yukon, bearing California license
13               number 5KUJ222 ("the vehicle").

14          2.   Defendant drove the vehicle and aided in the transport
                 of seven aliens in an unsafe manner within the
15               Southern District of California.   Specifically,
                 Defendant drove at a high rate of speed failing to
16               yield to border patrol sirens and emergency lights,
                 while the aliens were in the vehicle.
17
            3.   Margarito Sevillano-Garcia, and at least six others in
18               the vehicle, were aliens not lawfully in the United
                 States.
19
            4.   Defendant knew, or was in reckless disregard of the
20               fact, that the seven aliens in the vehicle, including
                 Margarito Sevillano-Garcia, were not lawfully in the
21               United States.

22          5.   Defendant knowingly transported or moved, or attempted
                 to transport or move the aliens in the vehicle in
23               order to help them remain in the United States
                 illegally.
24
            6.   The material witness was having others pay on his
25               behalf $2,800 to others to be brought into the United
                 States illegally and/or transported illegally to his
26               destination therein.

27          7.   Defendant committed the above acts with the intention
                 of violating United States immigration laws.
28

                                        Def. Initials DLT
                                                     CR
                                   6

FEB. 21 2008 3:12PM US ATTORNEY RECORDS      NO. 2929    P. 19/27
Case 3:08-cr-00591-JM     Document 25-2     Filed 04/03/2008     Page 7 of 15
Case 3:08-cr-00591-JM     Document 25     Filed 04/03/2008     Page 7 of 17

## III

## PENALTIES

Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

A.  a maximum 5 years in prison;

B.  a maximum $250,000 fine;

C.  a mandatory special assessment of $100.00 per count; and

D.  a term of supervised release of 3 years.  Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison all or part of the term of supervised release.

## IV

## DEFENDANT'S WAIVER OF TRIAL RIGHTS

Defendant understands that this guilty plea waives the right to:

A.  continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.  a speedy and public trial by jury;

C.  the assistance of counsel at all stages of trial;

D.  confront and cross-examine adverse witnesses;

E.  present evidence and to have witnesses testify on behalf of defendant; and,

F.  not testify or have any adverse inferences drawn from the failure to testify.

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE
## PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

The Government represents that any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant.  The Government will continue to provide such information establishing the factual innocence of defendant.

Def. Initials _DLT_
18 CR _____

7

1    Defendant understands that if this case proceeded to trial, the
2    Government would be required to provide impeachment information
3    relating to any informants or other witnesses.  In addition, if
4    defendant raised an affirmative defense, the Government would be
5    required to provide information in its possession that supports such
6    a defense.  Defendant acknowledges, however, that by pleading guilty
7    defendant will not be provided this information, if any, and
8    Defendant also waives the right to this information.   Finally,
9    defendant agrees not to attempt to withdraw the guilty plea or to file
10   a collateral attack based on the existence of this information.

11                                **VI**

12              **DEFENDANT'S REPRESENTATION THAT GUILTY**
13                **PLEA IS KNOWING AND VOLUNTARY**

14   Defendant represents that:

15   A.   Defendant has had a full opportunity to discuss all the
          facts and circumstances of this case with defense counsel,
16        and has a clear understanding of the charges and the
          consequences of this plea;
17

18   B.   No one has made any promises or offered any rewards in
          return for this guilty plea, other than those contained in
          this agreement or otherwise disclosed to the court;
19

20   C.   No one has threatened defendant or defendant's family to
          induce this guilty plea; and,
21

22   D.   Defendant is pleading guilty because in truth and in fact
          defendant is guilty and for no other reason.
23
                                **VII**
24
                **AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE**
                   **SOUTHERN DISTRICT OF CALIFORNIA**
25
     This plea agreement is limited to the United States Attorney's
26   Office for the Southern District of California, and cannot bind any
27   other  federal,  state  or  local  prosecuting,  administrative,  or
28   regulatory authorities, although the Government will bring this plea

                                    8

                              Def. Initials _DLZ._
                              _DS_ CR _____

FEB. 2008 12PM US ATTORNEY RECORDS
Case 3:08-cr-00591-JM   Document 25-2   Filed 04/03/2008   Page 9 of 15   NO. 2953   P. 21/27
Case 3:08-cr-00591-JM   Document 25   Filed 04/03/2008   Page 9 of 17

1 agreement to the attention of other authorities if requested by the
2 defendant.

3 **VIII**

4 **APPLICABILITY OF SENTENCING GUIDELINES**

5 Defendant understands the sentence imposed will be based on the
6 factors set forth in 18 U.S.C. § 3553(a). Defendant understands
7 further that in imposing the sentence, the sentencing judge must
8 consult the United States Sentencing Guidelines (Guidelines) and take
9 them into account. Defendant has discussed the Guidelines with
10 defense counsel and understands that the Guidelines are only advisory,
11 not mandatory, and the court may impose a sentence more severe or less
12 severe than otherwise applicable under the Guidelines, up to the
13 maximum in the statute of conviction. Defendant understands further
14 that the sentence cannot be determined until a presentence report has
15 been prepared by the U.S. Probation Office and defense counsel and the
16 Government have had an opportunity to review and challenge the
17 presentence report. Nothing in this plea agreement shall be construed
18 as limiting the Government's duty to provide complete and accurate
19 facts to the district court and the U.S. Probation Office.

20 **IX**

21 **SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

22 This plea agreement is made pursuant to Federal Rule of Criminal
23 Procedure 11(c)(1)(B). Defendant understands that the sentence is
24 within the sole discretion of the sentencing judge. The Government
25 has not made and will not make any representation as to what sentence
26 defendant will receive. Defendant understands that the sentencing
27 judge may impose the maximum sentence provided by statute, and is also
28 aware that any estimate of the probable sentence by defense counsel

9

Def. Initials

1  is a prediction, not a promise, and is **not binding on the Court**.

2  Likewise, the recommendation made by the Government is not binding on

3  the Court, and it is uncertain at this time what defendant's sentence

4  will be.  Defendant also has been advised and understands that if the

5  sentencing judge does not follow any of the parties' sentencing

6  recommendations, defendant nevertheless has no right to withdraw the

7  plea.

8                                    X

9                  **PARTIES' SENTENCING RECOMMENDATIONS**

10      A.    SENTENCING GUIDELINE CALCULATIONS

11          Although the parties understand that the Guidelines are only

12  advisory and just one of the factors the court will consider under

13  18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly

14  recommend the following Base Offense Level, Specific Offense

15  Characteristics, Adjustments and Departures (if applicable):

16          1.   Base Offense Level [USSG § 2L1.1(a)(3)]        12

17          2.   Number of Aliens [USSG § 2L1.1(b)(2)]          +3

18          3.   Prior Immigration Felony [USSG § 2L1.1(b)(3)]  0*

19          4.   Substantial Risk [USSG § 2L1.1(b)(6)]          18
20               (Increase by 2 levels, but if the
                 resulting offense level is less than
21               level 18, increase to level 18)

22          5.   Acceptance of Responsibility [USSG § 3E1.1]    -3

23          6.   Departure for Fast Track [USSG § 5K3.1]        -2

                 **Total Offense Level**                        13
24

25      *There is no agreement regarding defendant's criminal history

26  category. However, if defendant has previously sustained a conviction

27  for a felony immigration and naturalization offense, the parties will

28  recommend a +2 adjustment, pursuant to USSG 2L1.1(b)(3)(A).  If

                                  10

                              Def. Initials _____

defendant has previously sustained two or more such felony immigration convictions, the parties will recommend a +4 adjustment, pursuant to USSG 2L1.1(b)(3)(B).

B. ACCEPTANCE OF RESPONSIBILITY

Notwithstanding paragraph A.5 above, the Government will _not_ recommend any adjustment for _Acceptance of Responsibility_ if defendant:

    1. Fails to admit a complete factual basis for the plea at the time it is entered, or

    2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the Court or probation officer, or

    3. Fails to appear in court, or

    4. Engages in additional criminal conduct, or

    5. Attempts to withdraw the plea, or

    6. Refuses to abide by any lawful court order.

    7. Contests or assists any third party in contesting the forfeiture of property(ies) seized or forfeited in connection with this case.

C. ADJUSTMENTS AND SENTENCE REDUCTIONS UNDER 18 U.S.C. § 3553

The parties agree not to recommend any upward or downward adjustments other than those listed above, or other sentence reductions under 18 U.S.C. § 3553.

D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to defendant's Criminal History Category.

E. DEPARTURES AND SENTENCE REDUCTIONS UNDER 18 U.S.C. § 3553

The parties agree not to recommend any upward or downward departures, including any criminal history departures under USSG § 4A1.3, or other sentence reductions under 18 U.S.C. § 3553.

Def. Initials DLT·
DX CR ひつ小小

11

F.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The parties agree that the facts in the "factual basis" paragraph of this agreement are true, and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

G.   PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The parties agree that the Government will recommend that defendant be sentenced to the low end of the advisory guideline range as calculated by the Government pursuant to this agreement, **unless** defendant is found to be in CHC I, in which case the parties agree that defendant should be sentenced to 13 months' imprisonment. However, if the Court adopts an offense level or downward adjustment or departure below the Government's recommendations in this plea agreement, the Government will recommend a sentence as near as possible to what the sentence would have been if the Government's recommendations had been followed.

H.   SPECIAL ASSESSMENT

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 to be paid forthwith at time of sentencing. The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

I.   STIPULATED REMOVAL

If defendant is not a United States citizen or national, either before or immediately following sentencing, defendant agrees to an order of removal from the United States entered by Executive Office for Immigration Review or authorized Department of Homeland Security official. Defendant understands that defendant will not be removed

12

Def. Initials _DLT-_
_DS_ CR _DESKIM_

FEB-20-2008 3:20 PM ATTORNEY GENERAL
Case 3:08-cr-00591-JM Document 25-2   Filed 04/03/2008   Page 13 of 15   NO. 253 P. 25/27
Case 3:08-cr-00591-JM   Document 25   Filed 04/03/2008   Page 13 of 17

1  until defendant has served any criminal sentence imposed in this or
2  any other case.  Defendant further waives any right to appeal, reopen
3  or challenge the removal order.

4                                   XI

5           DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

6        In  exchange  for  the  Government's  concessions  in  this  plea
7  agreement, defendant waives, to the full extent of the law, any right
8  to  appeal  or  to  collaterally  attack  the  conviction  and  sentence,
9  including any restitution order, unless the Court imposes a custodial
10  sentence  above  the  greater  of  the  high  end  of  the  guideline  range
11  recommended by the Government pursuant to this agreement at the time
12  of sentencing or statutory mandatory minimum term, if applicable. If
13  the custodial sentence is greater than the high end of that range, the
14  defendant may appeal,  but the Government will be free to support on
15  appeal  the  sentence  actually  imposed.    If  defendant  believes  the
16  Government's  recommendation  is  not  in  accord  with  this  agreement,
17  defendant  will  object  at  the  time  of  sentencing;  otherwise  the
18  objection will be deemed waived.

19       If  defendant  breaches  this  plea  agreement,  at  any  time,  by
20  appealing or collaterally attacking the conviction or sentence, in any
21  way, the Government may prosecute defendant for any counts, including
22  those  with  mandatory  minimum  sentences,  dismissed  or  not  charged
23  pursuant to this plea agreement. Additionally, the Government may use
24  any  factual  admissions  made  by  defendant  pursuant  to  this  plea
25  agreement in any such prosecution.

26  //
27  //
28  //

                                             Def. Initials _DLT._
                                             ___CR_____

                              13

**XII**

**CRIMES AFTER ARREST OR BREACH OF THE AGREEMENT WILL PERMIT THE GOVERNMENT TO RECOMMEND A HIGHER SENTENCE OR SET ASIDE THE PLEA**

This plea agreement is based on the understanding that, prior to defendant's sentencing in this case, defendant has not committed or been arrested for any offense not known to the Government prior to defendant's sentencing. This plea agreement is further based on the understanding that defendant has committed no criminal conduct since defendant's arrest on the present charges, and that defendant will commit no additional criminal conduct before sentencing. If defendant has engaged in or engages in additional criminal conduct during this period, or breaches any of the terms of any agreement with the Government, the Government will not be bound by the recommendations in this plea agreement, and may recommend any lawful sentence. In addition, at its option, the Government may move to set aside the plea.

**XIII**

**ENTIRE AGREEMENT**

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

**XIV**

**MODIFICATION OF AGREEMENT MUST BE IN WRITING**

No modification of this plea agreement shall be effective unless in writing signed by all parties.

//
//
//
//

Def. Initials _DLT._
_DK_ CR _DSTKJM_

14

XV

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

XVI

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation.

KAREN P. HEWITT
United States Attorney

March 20, 2008
------------------
DATED

DOUGLAS KEEHN
Assistant U.S. Attorney

3/20/08
------------------
DATED

MARC X. CARLOS
Defense Counsel

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.

3/20/08
------------------
DATED

DIEGO LEONARDO TORRES
Defendant

15

CR DIST
08CR0591JM